UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

JS-6

| | |
|---|---|
| **Case No.** EDCV 18-1896-MWF (SHKx) | **Date:** November 9, 2018 |
| **Title:** Iron Orchid Designs, LLC v. Prima Marketing, Inc. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                           Court Reporter:
Rita Sanchez                            Not Reported

Attorneys Present for Plaintiff:        Attorneys Present for Defendant:
None Present                            None Present

**Proceedings (In Chambers):** ORDER RE: MOTION TO DISMISS FIVE CAUSES OF ACTION IN COMPLAINT [8] AND MOTION TO REMAND MATTER TO THE SUPERIOR COURT OF CALIFORNIA [9]

Before the Court are two motions:

First is the Motion to Remand Matter to the Superior Court of California (the "Motion to Remand"), filed by Plaintiff on October 8, 2018. (Docket No. 9). Defendant filed an Opposition on October 15, 2018. (Docket No. 11). Plaintiff filed a Reply on October 22, 2018. (Docket No. 14).

Second is the Motion to Dismiss Five Causes of Action in Complaint (the "Motion to Dismiss"), filed by Defendant Prima Marketing, Inc., on September 13, 2018. (Docket No. 8). Plaintiff Iron Orchid Designs, LLC filed an Opposition on October 15, 2018. (Docket No. 10). Defendant filed a Reply on October 22, 2018. (Docket No. 13).

The Court has read and considered the papers filed on the two motions and held a hearing on November 5, 2018.

For the reasons discussed below, the two motions are ruled upon as follows:

- The Motion to Remand is **GRANTED**. While Plaintiff's contract and California's Unfair Competition Law claims fall within the subject matter of the Copyright Act, Plaintiff asserts rights that are qualitatively different from the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-1896-MWF (SHKx)                     Date:  November 9, 2018
Title:      Iron Orchid Designs, LLC v. Prima Marketing, Inc.

rights conferred by copyright law.  Plaintiff's claims are therefore not preempted.  In addition, Plaintiff's request for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) is **DENIED**.  Defendant had a colorable basis for removing the action.

- The Motion to Dismiss is **DENIED** *as moot*.

## I.  BACKGROUND

On July 13, 2018, Plaintiff commenced this action in the San Bernardino County Superior Court.  (Notice of Removal at 1 ("NoR") (Docket No. 1)).

Plaintiff is an "innovator of home décor concepts and a creator of original graphic designs and tools, produced and marketed for use in the do-it-yourself home décor and crafts market."  (*Id.*, Exhibit A ("Complaint") ¶ 7).  Plaintiff markets its concepts and products directly to retails outlets and through other distribution channels.  (*Id.* ¶ 8).  Defendant is an established distributor of scrapbooking and crafting supplies and operates a website, www.primamarketinginc.com, on which it offers such products directly to consumers.  (*Id.* ¶ 9).  Since October 2006, Defendant has acted as a distributor of Plaintiff's craft designs and supplies.  (*Id.*).

At some point in 2014, Plaintiff designed "an innovative and new concept for the do-it-yourself home décor market consisting of beautifully crafted designs, stamps, transfers, molds, and inks . . . for decorative large[-]scale applications to home furnishings, walls, fabrics, and other surfaces."  (*Id.* ¶ 10).  On January 15, 2015, Plaintiff presented the concept to Defendant for potential distribution.  (*Id.* ¶ 11).  Defendant "agreed to market the product on a test basis, given that it was outside of [Defendant's] traditional field of scrapbooking and crafts supplies."  (*Id.*).

The "concepts, designs[,] and products . . . proved to be extremely successful sellers for [Defendant] and [Defendant] thus became very interested in making the concepts a more prominent part of its offerings."  (*Id.* ¶ 12).  Plaintiff alleges that the parties entered into a "contract governing the terms under which [Defendant] would market the concepts and [Plaintiff's] branded products and designs."  (*Id.* ¶ 13).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 18-1896-MWF (SHKx)                    Date: November 9, 2018
Title:      Iron Orchid Designs, LLC v. Prima Marketing, Inc.

Plaintiff further alleges that on March 3, 2017, after some lengthy negotiation, the parties signed the contract (the "Marketing Agreement"). (*See id.* ¶¶ 14–28).

The relevant scope and payment terms of the Marketing Agreement are as follows:

> The contractor [Plaintiff] will own the property designed and developed per this agreement. After [the Marketing Agreement] has expired, contractor will continue to receive all royalties for any continued sales of contractor owned designs and intellectual property, until all sales have ceased. . . .
>
> Unless specifically stated otherwise in a writing signed by both Parties, [Plaintiff] shall be paid royalties in the sum of 12% (twelve percent) on all sales, with the exception of Michaels [sic] account sales which will be 4% (four percent).

(*Id.* ¶ 33, Ex. A). Defendant disputes whether the parties reached an agreement or that it signed the Marketing Agreement.

Until September 2017, Defendant marketed Plaintiff's products and reported over $600,000 in sales. (*Id.* ¶ 30). The parties then had "a number of disagreements over the manner in which the products were marketed" and "agreed to terminate the [Marketing Agreement] by mutual consent" on September 19, 2017. (*Id.* ¶ 32). Plaintiff alleges that "post-termination obligations remained in effect and . . . [Defendant] remained responsible for payment of royalties for use of the designs and concepts." (*Id.*). Plaintiff further alleges that Defendant "continued to exploit the concepts, designs[,] and products provided by [Plaintiff]" and began to sell its own "re-design" products. (*Id.* ¶ 31).

On February 2, 2018, Plaintiff sent a letter to Defendant to confirm that the Marketing Agreement "would be honored and that all post-termination royalty payments would be made." (*Id.* ¶ 34). Defendant failed to "provide any substantive response or any assurance that all royalties due would be paid." (*Id.*). On April 15,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-1896-MWF (SHKx)                    Date:  November 9, 2018
Title:     Iron Orchid Designs, LLC v. Prima Marketing, Inc.

2018, Defendant made a royalty payment to Plaintiff, which "purported to be for sales during the first quarter of 2018." (*Id.* ¶ 35). Plaintiff alleges that the royalty payment "proved to be far short of the amounts due and . . . [Defendant] failed to include any accounting of relevant sales and inventory so that the actual amount owed could be calculated." (*Id.*). Plaintiff also alleges that Defendant "repeatedly failed to make full payment of royalties and commissions due and forced [Plaintiff] to raise the issue before making full payment," and now "repudiate[s] the [Marketing Agreement], claiming that no [c]ontract was ever created . . . despite all of [Defendant's] previous representations[ and] actions." (*Id.* ¶¶ 35–36).

Plaintiff's Complaint asserts seven claims for relief: (1) fraud and deceit, (2) breach of contract, (3) breach of implied-in-fact contract, (4) promissory estoppel, (5) anticipatory breach, (6) breach of the covenant of good faith and fair dealing, and (7) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*. (*Id.* ¶¶ 41–100).

On September 6, 2018, Defendant timely removed the action, invoking the Court's federal jurisdiction over all claims. (NoR at 1). Defendant also asserted (but did not specify) supplemental jurisdiction over any state claims if the "Court finds that some, but not all, of Plaintiff's claims are preempted by copyright law." (*Id.* at 5). Plaintiff now moves to remand the case to the San Bernardino County Superior Court.

## II.   **DISCUSSION**

Defendant contends that the Court has subject matter jurisdiction over this action because Plaintiffs' contract claims raise substantial questions related to and are preempted by the Copyright Act, 17 U.S.C. § 101 *et seq*. (Opp. to Motion to Remand at 3–4). Therefore, Defendant believes the Court has federal question jurisdiction over Plaintiff's contract claims. (Both parties are California corporations and no one asserts diversity jurisdiction.)

As a preliminary matter, Defendant identifies the contract claims as the claims for breach of contract, breach of implied-in-fact contract, breach of covenant of good faith and fair dealing, anticipatory breach, and violation of the UCL. (*Id.* at 3). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-1896-MWF (SHKx)                    Date:  November 9, 2018
Title:     Iron Orchid Designs, LLC v. Prima Marketing, Inc.

Court finds that the contract claims should instead consist of the claims for fraud and deceit, breach of contract, breach of implied-in-fact contract, breach of covenant of good faith and fair dealing, anticipatory breach, and promissory estoppel.  (A claim under UCL has a statutory, rather than contractual, basis.)

### A.     Contract Claims

To justify removal under 28 U.S.C. § 1441(a), the burden is on a removing defendant.  *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the district court must resolve those doubts in favor of remanding the action to state court.  *Cecena v. Allstate Ins. Co.*, 358 Fed. App'x 798, 799 (9th Cir. 2009) ("[F]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citation omitted).  Importantly, there is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392–93 (1987).

Two questions must be answered "yes" for the Copyright Act to preempt state law claims:  (1) Does "the 'subject matter' of the state law claim fall[ ] within the subject matter of copyright as described by 17 U.S.C. §§ 102 and 103[?]"; and (2) "[A]ssuming that it does, … [are] the rights asserted under state law … equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders[?]"  *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1137–38 (9th Cir. 2006) (internal citations omitted).

The parties dispute both questions.  (Motion to Remand at 6–8; Opp. to Motion to Remand at 4–8).

#### 1.     Subject Matter of Contract Claims

The parties first dispute that the "subject matter" of Plaintiff's contract claims falls within the Copyright Act.  (Motion to Remand at 7; Opp. to Motion to Remand at 4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-1896-MWF (SHKx)                    Date:  November 9, 2018
Title:     Iron Orchid Designs, LLC v. Prima Marketing, Inc.

Plaintiff argues that its contract claims do not fall within the Copyright Act and instead are based on "a bilateral understanding that [Defendant] will compensate [Plaintiff] for use of an idea or concept" in the Marketing Agreement. (Reply in Support of Motion to Remand at 7). Plaintiff further argues that its contract claims against Defendant are not based upon any alleged unauthorized use of copyrighted designs, but instead based upon a breach of contract for Plaintiff's "innovative and new concept for the do-it-yourself home décor market." (Compl. ¶ 10). Because any use of Plaintiff's home décor concept "required payment of a royalty" under the Marketing Agreement, Defendant's "failure to make such payments constitutes a breach." (Motion to Remand at 7). Plaintiff also points out that such ideas and concepts are uncopyrightable. *See Montz v. Pilgrim Films & Television, Inc.*, 649 F.3d 975, 979 (9th Cir. 2011) ("For preemption purposes, ideas and concepts that are fixed in a tangible medium fall within the scope of copyright.").

The Court is not persuaded by Plaintiff's argument. As noted by Defendant, there is a difference between being copyrightable and falling within the subject matter of copyright law. Plaintiff's claims all relate to "original graphic designs used in home décor and craft markets," which are within the subject matter of the Copyright Act. (Opp. to Motion to Remand at 4); *see* 17 U.S.C. § 102(a)(5) ("pictorial, graphic, and sculptural works"). Therefore, even ideas that are not afforded copyright protection may fall within the subject matter of copyrights. *See, e.g.*, *Levinson v. DineEquity, Inc.*, No. 14-cv-2983-BRO (SHx), 2014 WL 12607842, at *2 (C.D. Cal. June 3, 2014) ("The subject matter at issue here is Levinson's marketing idea. Although ideas are not afforded copyright protection, ideas do fall within the subject matter of copyright for purposes of preemption.") (citation omitted); *Montz*, 649 F.3d at 979–80 ("[S]tate-law protection for fixed ideas falls within the subject matter of copyright and thus satisfies the first prong of the statutory preemption test, despite the exclusion of fixed ideas from the scope of actual federal copyright protection.").

Accordingly, Plaintiff's contract claims fall within the subject matter of the Copyright Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-1896-MWF (SHKx)                    Date:  November 9, 2018
Title:    Iron Orchid Designs, LLC v. Prima Marketing, Inc.

### 2. Qualitative Equivalence

The parties then dispute whether Plaintiff's claims assert rights that are qualitatively different from rights afforded by the Copyright Act. (Motion to Remand at 7–8; Opp. to Motion to Remand at 4–6).

To survive Copyright Act preemption under the second prong, "a state cause of action must assert rights that are qualitatively different from the rights protected by copyright." *Montz*, 649 F.3d at 980. The Copyright Act endows authors of copyrightable works with the rights to, *inter alia*, reproduce, distribute, publicly perform, and publicly display that work. *See* 17 U.S.C. § 106. The key question is thus whether or not Plaintiff, through its contract claims, is asserting any rights that are qualitatively different from the rights set forth in section 106. *See, e.g., Groubert v. Spyglass Entertainment Group, LP*, No. 02-cv-1803-SVW (JTLx), 2002 WL 2031271, at *3 (C.D. Cal. July 23, 2002) ("In order to determine whether the breach of implied contract claim is preempted, the Court must look to the rights actually created by the alleged contract, and then determine whether any of those rights differ from the prohibition of unauthorized reproduction, performance, distribution, or display of work protected under copyright law.").

Here, Defendant argues that "contract claims do not always survive preemption" and there is no "extra element" in Plaintiff's contract claims. (Opp. to Motion to Remand at 5). Defendant argues that use of a concept does not constitute an extra element." At the hearing, Defendant further specifically argued that the Complaint fails to allege an extra element, even if there were some basis for that claim. Defendant is wrong.

As to the legal sufficiency of Plaintiff's extra element, the Ninth Circuit and other district courts have also held that contract claims are not preempted where the plaintiff is seeking payment for its contributions to the defendant's copyrighted work, as a demand for payment is the extra element that brings a contract claim outside the ambit of the Copyright Act:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-1896-MWF (SHKx)                    Date:  November 9, 2018
Title:     Iron Orchid Designs, LLC v. Prima Marketing, Inc.

> [W]e [previously] held that a claim for unjust enrichment was equivalent to a claim for copyright infringement, and thus preempted, because the claim lacked an extra element – the bilateral expectation of compensation. Here, Grosso has **alleged the extra element is present**. Therefore, his claim for breach of an implied-in-fact contract is not preempted by the Copyright Act, because it alleges an extra element that transforms the action from one arising under the ambit of the federal statute to one sounding in contract.

*Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir. 2004) (emphasis added); *see also Groubert*, 2002 WL 2031271, at *4 (breach of implied contract claim not preempted by Copyright Act where the plaintiff "contend[ed] that the alleged contract required Disney and Touchstone to provide just and fair compensation to Plaintiff in the event that Defendants elected to create a motion picture based upon the idea, pitch, and/or treatment that he provided to them").

Because Plaintiff's contract claims rest on its expectation to be compensated for sharing its idea with Defendant, "the claim depends on more than the mere act of copying or distribution regulated by the federal Copyright Act, and is on that basis not preempted." *Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1192 (C.D. Cal. 2001), *dismissed in part on other grounds*, 90 Fed. App'x 496 (9th Cir. 2003); *see also Montz*, 649 F.3d at 980 ("Contract claims generally survive preemption because they require proof of [an] extra element. . . . Th[at] extra element . . . [of] payment for use of a concept, is a personal one, between the parties.").

Furthermore, despite Defendant's assertions at the hearing, the Complaint does adequately allege the extra element. Plaintiff has alleged that it reasonably expected to be compensated for sharing its idea of "an innovative and new concept for the do-it-yourself home décor market" with Defendant. (Compl. ¶ 10). After a trial basis, the parties then agree that continuing the partnership would benefit both parties. The Complaint makes it clear how both parties would mutually benefit: more marketing and exposure for Plaintiff's new concept, more customers to Defendant's website, and higher revenues for both parties. (*Id.* ¶¶ 12–13, 30).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-1896-MWF (SHKx)                    Date:  November 9, 2018
Title:     Iron Orchid Designs, LLC v. Prima Marketing, Inc.

At the hearing, Defendant again argued that there is no extra element as Plaintiff's contract claims relate to Defendant's own "re-design", which is not covered by the Marketing Agreement. But this argument ignores Plaintiff's allegations that the re-designs were based on Plaintiff's own concepts and ideas. The Complaint, in demanding payment for use of a concept, makes it clear what the "extra element" of the contract claims are.

For example, the breach of contract claim alleges that Defendant failed to pay royalties (*Id.* ¶¶ 31, 44–45); the promissory estoppel claim similarly alleges Defendant's failure to "market, distribute, sell[,] and pay royalties" (*id.* ¶¶ 67, 74); the anticipatory breach claim alleges failure of "payment or royalties for use of the designs and concepts" (*id.* ¶¶ 81–82); and the breach of covenant of good faith and fair dealing claim alleges that Defendant "refus[ed] to compensate [Plaintiff] for using [its] designs [and] concepts" (*id.* ¶¶ 92, 94).

Accordingly, Plaintiff's contract claims assert rights that are qualitatively different from rights afforded by the Copyright Act.

### B.     UCL Claim

Plaintiff also argues that its UCL claim is not preempted for the same reasons that its contract claims are not preempted. (Motion to Remand at 6–7). The Court agrees. *See, e.g.*, *Dillon v. NBCUniversal Media LLC*, No. 12-cv-9728-SJO (AJWx), 2013 WL 3581938, at *9 (C.D. Cal. June 18, 2013) (concluding that because the contract claims are not preempted by the Copyright Act, "Plaintiff's UCL claim is likewise not preempted to the extent that it is predicated on the[m]"); *Celestial Mechanix, Inc. v. Susquehanna Radio Corp.*, No. 03-cv-5834-GHK (VBKx), 2005 WL 4715213, at *12 (C.D .Cal. Apr. 28, 2005) (concluding that plaintiff's UCL "claim is not preempted to the extent that it is based upon claims that are likewise not preempted or otherwise dismissed").

In sum, while the subject matter of Plaintiff's contract and UCL claims falls within the subject matter of the Copyright Act, Plaintiff's Complaint asserts rights that are qualitatively different from the rights conferred by the Copyright Act. Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-1896-MWF (SHKx)                    Date:  November 9, 2018
Title:     Iron Orchid Designs, LLC v. Prima Marketing, Inc.

claims, as pled, are thus not preempted.  Accordingly, the Motion to Remand is **GRANTED**.

### III.    ATTORNEYS' FEES AND COSTS

Plaintiff requests attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), which provides that remand orders "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal."  The Court may award attorneys' fees where "the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Whether or not to award fees and costs under § 1447(c) is within the Court's discretion.  *See* 28 U.S.C. § 1447(c) ("[O]rder remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal") (emphasis added); *Dall v. Albertson's Inc.*, 349 F. App'x 158, 159 (9th Cir. 2009) ("Following remand of a case upon unsuccessful removal, the district court may, in its discretion, award attorney's fees . . . .").

Plaintiff argues that it "met and conferred with [Defendant] in a good faith effort to avoid this [Motion to Remand] . . . [and Defendant's] removal was based on an erroneous legal argument." (Motion to Remand at 8–9).  At the hearing, Plaintiff also appeared to suggest some bad faith on the part of Defendant since, among other things, Defendant typically does not enter into contracts with its partners, the parties have spent significant time and resources negotiating the Marketing Agreement that Defendant now disputes, and Defendant is allegedly abusing its market power.  Despite the strength of Plaintiff's argument, Defendant had a colorable basis for removing the action; the claims do relate to the subject matter of the Copyright Act.

Accordingly, Plaintiff's request for costs and attorneys' fees is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 18-1896-MWF (SHKx)                Date:  November 9, 2018
Title:     Iron Orchid Designs, LLC v. Prima Marketing, Inc.

## IV. CONCLUSION

For the reasons discussed above, the Motion to Remand is **GRANTED** and the Motion to Dismiss is **DENIED** *as moot*.  The request for attorneys' fees and costs is **DENIED**.

The Court **REMANDS** this action to the San Bernardino County Superior Court.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

IT IS SO ORDERED.